UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAPHAEL GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| M.T. FOOD SERVICE, INC., f/k/a,, M.T. DAIRY | ) |
| SERVICE, INC., MARC TROOP, individually, | ) |
| GARY LEVINSON, individually, and WILLIAM | ) |
| SULLIVAN, individually, as well as the named | ) |
| individuals as agents of the defendant M.T. FOOD | ) |
| SERVICE, INC., | ) |
| | ) |
| Defendants. | ) |

## C O M P L A I N T

**NOW COMES** the Plaintiff, **RAPHAEL GARCIA**, by and through his attorney, **IRA M. KLEINMUNTZ // KLEINMUNTZ LAW OFFICE** and complains against the Defendants: **M.T. FOOD SERVICE, INC.**, a corporation, f/k/a,, **M.T. DAIRY SERVICE, INC.;  MARC TROOP, individually; GARY LEVINSON, individually; and WILLIAM SULLIVAN, individually;** as well as against the three named individuals as owners, agents and/or principals of **M.T. FOOD SERVICE, INC.**, as follows;

### JURISDICTION // VENUE

1.      This action is brought pursuant to 42 USC Sec. 2000e et seq. of Title VII of the Federal Civil Rights Act as amended to redress and enjoin unlawful employment practices by Defendants.

-1-

2. Jurisdiction is invoked under 28 USC Sec. 1341 and Sec. 1343. .

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

4. Plaintiff has fulfilled all administrative prerequisites for the bringing of this Complaint: a charge of Discrimination was filed with the Equal Employment Opportunity Commission (EEOC) as charge no.21BA31138 and in the Illinois Department of Human Rights (IDHR) under charge no. 2013CF2356 and on April 14, 2014 a Notice of Dismissal for Lack of Substantial Evidence was issued by the IDHR pursuant to Section 7A-102(D) of the Human Rights Act (775 ILCS 5/1-101 *et seq*) and it's Rules and Regulations (56 Ill. Adm. Code, Chapter 11, Sec. 2520.560).

5. A timely Request for Substantial Weight Review was filed by plaintiff on July 18, 2014 with both agencies EEOC and IDHR and on August 28, 2014 the EEOC issued a Dismissal and Notice of Rights to Sue (received by plaintiff sometime thereafter) wherein the agencies adopted the finding of the IDHR of "lack of substantial evidence." .


THE PARTIES

6. The plaintiff **RAPHAEL GARCIA** was/is a resident of the City of Chicago, State of Illinois, County of Cook and is a black African American who does not speak Spanish and does not (and never has) considered himself "Hispanic" not being raised in a "Hispanic" household or environment despite his name which sight unseen could connote a person of "Hispanic" upbringing, nationality, race or origin.

5. The Defendant, **M.T. FOOD SERVICE, INC**, a corporation, was at all times relevant times a food service distribution company with a produce warehouse at 400 N. Noble in

-2-

the City of Chicago, State of Illinois and County of Cook which delivered product and goods to restaurants *inter alia,* owning dozens of delivery trucks and employing dozens of drivers to deliver it's product by it's trucks.

5. The defendants **MARC TROOP** and **GARY LEVINSON** were considered the owners of **M.T. FOOD SERVICE, INC;** and **WILLIAM SULLIVAN,** was considered the owner and treasurer.

6. Plaintiff **RAPHAEL GARCIA** was never seen nor interviewed by anyone on behalf of defendants prior to his being hired by defendants who collectively intended to hire a "Hispanic" and thought they had hired another Hispanic to drive their one of their delivery trucks when they hired plaintiff. trucks .

## COUNT ONE ~ RACIAL DISCRIMINATION

7. Defendant employed approximately 20 to 25 truck drivers; not on e of them was a black African American; all of the defendants truck drivers were assigned to newer model well maintained delivery trucks.

8. Plaintiff was hired on a "blind" hire (black ink on white paper, by application) and was the only non-white non-Hispanic driver at M.T., and was placed as a driver on truck 113, the only poorly maintained mechanically failing and in disrepair visibly listing fuel leaking aged truck in defendants possession and plaintiff complained about this constantly to his immediate supervisors.

9, Defendants on many occasions accused plaintiff of poor driving in an effort to find fault in plaintiff so he would resign or a case for his termination could be orchestrated so plaintiff could be fired and defendants even told the administrator at the fact finding hearing below that allegedly had video of plaintiff's poor quality driving yet no video of the alleged poor driving by

plaintiff was ever produced.

10. Plaintiff was a constant victim of racial slurs, mal-intentioned ethnic jokes and derogatory remarks by co workers and supervisors and plaintiff complain to immediate supervisors and document the harassment on daily log run sheets turned in to dispatch who plaintiff hoped would be sympathetic because as defendant admitted to the administrator at the fact finding hearing below defendant had **no policy nor procedure** for accepting complaints of racial or sexual harassment and no formal avenue existed for plaintiff to seek redress or remedy.

11. As such, noone took any remedial action nor even provided a an opportunity to voice or hear plaintiffs complaints; instead defendants added more timed stops to plaintiff's delivery route and intentionally withheld product from customer orders on plaintiff's route in an effort to create customer complaints directed to plaintiff hoping to set plaintiff up for failure; on another occasion plaintiff's drivers seat was slit with a knife and feces was placed in the seat cushion designed to harass, intimidate and humiliate plaintiff designed to coerce plaintiff to resign his position, quit and leave the employment like a beaten dog with it's tail between it's legs.

12. Another tactic engaged in by the defendants was to alter on paper the accrued hours Plaintiff had worked; defendant would shorten the hours and withhold pay because the defendants wanted plaintiff to quit but plaintiff RAPHAEL GARCIA, the only black driver hired based on stereotyping by the sound of a name, Raphael Garcia) needed the money and enjoyed the type of work he was engaged in: delivering food and product early in the morning to various high profile restaurants in the Chicago loop and surrounding local downtown area.

13. Defendants M.T. FOOD SERVICE is a company of @ 100 employees owning dozens of delivery trucks employing dozens of drivers and mechanics to service its trucks yet defendant

admitted to the administrator at the fact finding hearing below that plaintiff was its only black driver and further admitted @ ten years ago two other black men with Hispanic sounding names, Edward Camacho and Jose Dominguez (one a black truck driver and the other a service mechanic): both were fired and despite the fact finders request no personnel files could be located nor details recalled relative to the two firings; and significantly, **defendant has no written discharge policy**

14. Defendants did everything they could to make the workplace uncomfortable for plaintiff, and the more plaintiff complained of coworker ethnic slurs the more defendants added more stops to his route, refused to pay overtime wage defendant had agreed to pay and previously had paid, falsified and altered days and hours plaintiff worked, all in an effort to break plaintiff's spirit so he would quit on his own since plaintiff was an anomaly: the only black driver the defendant's had hired, and plaintiff was hired by accident: he was assumed to be Hispanic. Plaintiff does not even speak Spanish.

15. As a result of Defendant's unlawful discriminatory conduct, Plaintiff RAPHAEL GARCIA has lost substantial earnings and other job-related benefits and has suffered with the anguish and humiliation as a result of race based discriminatory workplace, actions and tactics of defendants.

WHEREFORE, Plaintiff requests that this Court:

[a] declare that Defendants violated Title VII;

[b] award Plaintiff pecuniary damages in an amount to compensate him for all damages suffered by virtue of Defendants' termination of him.

[c] award Plaintiff compensatory damages in an appropriate amount;

[d] award Plaintiff pre-judgment interest on damages recovered, at the prime rate,

compounded annually, or the rate allowed by law; and

[e] award costs, reasonable attorney's fees, and such other relief as it deems just.

### COUNT II -- TITLE VII --RETALIATION

16. Plaintiff incorporates paras. 1-15 as averred herein by reference as counts 1-15 as and for Count II herein as follows:

17. Because of the constant pressure, harassment and duress, both emotionally and then economically by fudging plaintiff's hours worked, personal time due plaintiff of which plaintiff continued to complain of directly to the supervisors and owners and principals at M.T., which was in addition to the complaints of ethnic and racial discrimination averred above (writing his complaints on the daily route sheets which bore his assignments in the morning with cogent comments of plaintiff turned over to the possession of defendants at the end of his shift) the defendants engaged in the following:

    17a. None of plaintiffs complaints of prejudicial disparate treatment, harassment and economic and financial misconduct and duress were being addressed so plaintiff became more direct in his complaints wherein plaintiff was accused of threatening to start trouble even though just wanted to receive his own money due even though he suspected defendants were fudging the hours and pay of the drivers to avoid paying the previously paid overtime and taxes on wage paid to plaintiff and other drivers (the subject matter of another claim filed 13 CV 07485 plaintiff is seeking

Case: 1:14-cv-09546 Document #: 1 Filed: 11/28/14 Page 7 of 8 PageID #:7

leave to file an Amended Complaint then consolidate due to this conflagration of issues).

18. As such, defendant falsely accused plaintiff of theft and stealing by virtue of an alleged sale of pallets by plaintiff to a company that buys back pallets and presented said tale to plaintiff then to the to the IDHR/EEOC administrator at the fact finding based on hearsay upon hearsay with no witnesses to a theft and no one to be cross-examined and only credibility of the defendants and plaintiff to be assessed, not even a police report for the "fact" finding hearing officer for the IDHR;

19. The pallet exchange was averred to have been seen at "Bollita Pallet" as told to one of defendants daughters by a boyfriend who then allegedly changed the location to "The Pallet House" which was then presented by a third person as "the Pallet House" and none of these persons who alleged the basis of the accusations of stealing and theft (which was never the subject of a police report) none of said person were produced at the IDHR/EEOC fact finding hearing.

20. Without a witness and only triple hearsay the findings below on "Substantial Review" against Plaintiff are legally without basis in contradiction and violation of The *Cooper v. Salazar 98 C 2930* Injunction' *(attached)* by making a credibility determination without affording plaintiff the right of confrontation and cross-examination.

21. WHEREFORE, Plaintiff requests that this Court:

[a] declare that Defendants violated Title VII;

[b] award Plaintiff pecuniary damages in an amount to compensate him for all damages suffered by virtue of Defendants' termination of him;

[c] award Plaintiff compensatory damages in an appropriate amount;

-7-

[d] award Plaintiff pre-judgment interest on damages recovered, at the prime rate, compounded annually, or the rate allowed by law;

[f] find and declare the fact finding review and determinations were improperly based and against the manifest weight of the evidence in addition and to enable the above relief; and

[e] award costs, reasonable attorney's fees, and such other relief as it deems just.

JURY DEMAND

The Plaintiff Raphael Garcia hereby requests trial by jury.

Respectfully submitted,

By:_____
attorney for the plaintiff

Ira M. Kleinmuntz, Esquire
*Attorney, Counselor, Trial Lawyer*
KLEINMUNTZ LAW OFFICE
111 W. Wacker ~ Ste. 2608
Chicago, Illinois 60606
work:   (312) 853-1100
fax:     (312) 853-1103
mobile:(312) 450-4502